# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

---

**ROBIN W. TONG,**

                **Plaintiff,**

v.                                                                          Case 2:21-cv-02784-JPM-cgc

**GEOFFREY DALEY,**
in his individual capacity,

                **Defendant.**

---

## REPORT AND RECOMMENDATION ON
## PLAINTIFF'S MOTION TO AMEND COMPLAINT
## AND DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

---

Before the Court are Defendant Geoffrey Daly's Motion to Dismiss for Failure to State a Claim (Docket Entry ("D.E.") #9), which seeks dismissal of certain claims in Plaintiff's First Amended Complaint (D.E. #2-1),[1] and Plaintiff's Motion to Amend Complaint (D.E. #15), which seeks to file a Second Amended Complaint (D.E. #15-1). Pursuant to Administrative Order 2013-05[2], the instant motions have been referred to the United States Magistrate Judge for Report and Recommendation. For the reasons set forth herein, it is RECOMMENDED that Defendant's Motion to Dismiss be GRANTED and that Plaintiff's Motion to Amend Complaint be DENIED.

---

[1] Defendant's Motion to Dismiss seeks dismissal of Plaintiff's claims pursuant to Tennessee law and the Tennessee Constitution; his Motion does not seek dismissal of Plaintiff's claims for violations of the federal constitution pursuant to 42 U.S.C. Section 1983.

[2] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

I.     Introduction

This case arises from a traffic stop in which Defendant, who serves as a sergeant with the Munford Police Department, pulled Plaintiff over after observing him "flipping the bird." On November 12, 2021, Plaintiff filed a *pro se* Complaint Seeking Injunctive and Declaratory Relief for Vindication of Civil Rights in the Chancery Court for Tipton County, Tennessee at Covington. (D.E. #1-1). On November 29, 2021, Plaintiff filed a *pro se* First Amended Complaint Seeking Injunctive Relief and Declaratory Relief for the Vindication of Civil Rights. (D.E. #2-1).

Plaintiff's First Amended Complaint designates eleven claims; however, each of the numbered claims alleges violations of multiple provisions of federal and state law. Reviewing the First Amended Complaint as a whole, Plaintiff alleges the following causes of action: (1) violations of the First, Fourth, and Fourteenth Amendments to the United States Constitution, which are brought pursuant to 42 U.S.C. § 1983 ("Section 1983"); (2) a civil claim of malicious harassment in violation of the Tennessee Human Rights Act, Tennessee Code Annotated § 4-21-701 ("THRA"); (3) violations of Article I, Sections 7 and 19 of the Tennessee Constitution; and, (4) violations of Tennessee criminal law.[3]

On December 16, 2021, Defendant filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446. (D.E. #2). Therein, Defendant stated that this action is one in which Plaintiff alleges, *inter alia*, a cause of action pursuant to Section 1983, which affords this Court original jurisdiction pursuant to 28 U.S.C. § 1331.

---

[3] Plaintiff alleges that Defendant violated the following criminal provisions of the Tennessee Code Annotated: Section 39-13-101 (assault); Section 39-13-102 (aggravated assault); Section 39-13-302 (false imprisonment); Section 39-16-402 (official misconduct); Section 39-16-403 (official oppression); Section 39-17-308 (harassment); and, Section 39-17-309 (civil rights intimidation).

On January 7, 2022, Defendant filed his Motion to Dismiss, which argues that certain claims from Plaintiff's First Amended Complaint should be dismissed for the following reasons: (1) Plaintiff fails to state a claim for violations of the THRA because he does not allege that Defendant intentionally intimidated him from freely exercising a constitutional right or that Defendant's actions were motivated by Plaintiff's race, color, religion, ancestry, or national origin; (2) Tennessee law does not recognize private causes of action arising from violations of the Tennessee Constitution; and, (3) Tennessee criminal law does not provide a basis for any private civil actions. Defendant alternatively argues that, to the extent that Plaintiff's First Amended Complaint attempts to pursue violations of Tennessee statutes and the Tennessee Constitution pursuant to Section 1983, based upon the manner in which he includes these allegations together within the same designated claims, such claims are not cognizable.

On February 2, 2022, Plaintiff filed his Response to Defendant's Motion to Dismiss. (D.E. #14). Plaintiff asserts that his First Amended Complaint properly sets forth a civil claim for malicious harassment under the THRA because it alleges that Defendant's actions were motivated by his religion. Specifically, Plaintiff cites portions of his First Amended Complaint that allege that Defendant had a "large wooden cross" hanging from the rear-view mirror of his patrol car, which constitutes an open "display intertwining his personal and professional lives while he is on duty." (First Am. Compl. at PageID 49-50, ¶¶ 40-42, 46). Plaintiff alleges that he believes that Defendant found his hand gesture to be offensive to his "religious beliefs" and "religiously influenced political views." (*Id*. at PageID 49, ¶ 39). Additionally, Plaintiff's Response alludes to Defendant's arguments that he may not maintain a private cause of action pursuant to the Tennessee Constitution or Tennessee criminal law and that he may not pursue

any such claims pursuant to Section 1983; however, in essence, his arguments continue to assert that he may pursue a claim pursuant to Tennessee Code Annotated § 4-21-701 for the reasons already set forth above.  Finally, Plaintiff's Response requests two alternatives rather than dismissal.  First, he requests that the Court decline to exercise supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367.  Second, he requests that he be afforded leave to amend his First Amended Complaint to correct the "errors commingling federal and state law claims" that were raised by Defendant in his Motion to Dismiss.

On February 22, 2022, Plaintiff filed his Motion for Leave to Amend his First Amended Complaint. (D.E. #15).  While his Proposed Second Amended Complaint does include certain new factual assertions and expounds further upon others that are already contained in the First Amended Complaint, the crux of his request centers around his desire to reorganize his pleading to more clearly delineate his federal and state law claims.  Plaintiff's motion included as an exhibit his Proposed Second Amended Complaint (D.E. #15-1), which sets forth his Section 1983 claims and Tennessee Code Annotated § 7-21-701 claims separately (*See* D.E. #15-1 at PageID 196-230, ¶¶ 139-239); however, the Proposed Second Amended Complaint continues to assert violations of the Tennessee Constitution and Tennessee criminal statutes within his THRA claim. (*Id*. at PageID 220-230,¶¶ 205-239).  Defendant does not oppose Plaintiff's Motion for Leave to Amend.  (D.E. #16).

### II. Analysis

#### a. Plaintiff's Motion for Leave to Amend

The threshold question is whether Plaintiff should be permitted leave to amend his pleading, as that will determine the operative pleading in the case. Rule 15 of the Federal Rules of Civil Procedure provides that a party "may amend its pleading only with the opposing party's written consent or the court's leave," which should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment," or other unjust reason, leave of court should be granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Proposed amendments are deemed futile if they would not permit the complaint to survive a motion to dismiss. *Miller v. Calhoun County*, 408 F.3d.803, 817 (6th Cir. 2005).

Here, Plaintiff's Proposed Second Amended Complaint primarily seeks to reorganize his First Amended Complaint to "cure errors and defects improperly commingling claims in the First Amended Complaint." However, leave to amend would not be appropriate if Plaintiff's state-law claims could not survive the already-filed motion to dismiss and would remain futile even if reorganized. It is RECOMMENDED that, for the reasons set forth, *infra*, Section II.b, that is the case here.

#### b. Defendant's Motion to Dismiss

Turning to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for

5

failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests.'" *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

      i.    **THRA**

First, Plaintiff alleges a claim for malicious harassment on the basis of religion under the THRA, which is a civil claim derived from the criminal offense of civil rights intimidation under Tennessee Code Annotated § 39-17-309. Such a claim requires that the defendant "intentionally intimidated the plaintiff from freely exercising a constitutional right" and that the defendant's conduct was "motivated *by the plaintiff's* race, color, ancestry, religion, or national origin." *Davidson v. Bredesen*, 330 S.W.3d 876 (Tenn. Ct. App. 2009) (emphasis added); *see also Vargo v. City of Cleveland*, No. 1:12-CV-248, 2014 WL 1745649, at *13 (E.D. Tenn. May 1, 2014) (citing *Washington v. Robertson Cnty.*, 29 S.W.3d 466, 468 (Tenn. 2000); *Levy v. Franks*, 159

S.W.3d 66, 81 (Tenn. Ct. App. 2004) (same); *Bowman v. City of Memphis*, 329 S.W.3d 766, 768 (Tenn. Ct. App. 2010) (same); *Oates v. Chattanooga Pub. Co.*, 205 S.W.3d 418, 428 (Tenn. Ct. App. 2006) (same)).

Here, Plaintiff does not allege that Sergeant Daly's conduct was motivated by his (Plaintiff's) religion. In fact, Plaintiff does not mention his own religious beliefs, if any, but instead discusses that he considers "flipping the bird" at law enforcement officers to be a symbolic display of his "political beliefs calling for civil rights, criminal justice, and police reforms." (First Am. Compl. ¶ 11). Instead of alleging that Defendant initiated the traffic stop for any reason related to Plaintiff's religion, he alleges that Sergeant Daly's actions were motivated by his own (Sergeant Daly's) religious beliefs, which Plaintiff infers led Sergeant Daly to find the hand gesture to be offensive. (*Id*. ¶¶ 40-42, 46).

The Court is unaware of any authority permitting a malicious harassment claim under the THRA based upon the religion of the defendant rather than the plaintiff. The cases that discuss this claim, in fact, specifically state that the conduct must be motivated by the *Plaintiff's* religion. Accordingly, it is RECOMMENDED that Plaintiff's malicious harassment claim be DISMISSED for failure to state a claim upon which relief may be granted.[4]

    ii.    ***Tennessee Constitutional Claims***

Second, Plaintiff alleges claims for violations of Article I, Sections 7 and 19 of the Tennessee Constitution. Sections 7 and 19 provide, *inter alia*, the right to be free from unreasonable searches and seizures and the right to freedom of speech. Tenn. Const. Art. I, §§7,

---

[4] Plaintiff's Proposed Second Amended Complaint seeks to expound upon his allegations that Defendant's actions were religiously motivated (*See* Prop. Sec. Am. Compl. ¶¶ 42 (photograph of the wooden cross), 43, 45, 67, 70, 106, 120, 126, 127, 129, 130, 132, 136, 209-210, 226-27, 228-29, 234, ); however, as these proposed amended allegations also pertain to the *Defendant's* religion rather than the *Plaintiff's*, it is RECOMMENDED that they would be futile such that leave to amend Plaintiff's pleading should not be granted pursuant to Rule 15(a)(2).

9. However, Tennessee law does not recognize a private cause of action for violations of the Tennessee Constitution. *Johnny M. Henning v. Madison Cty.*, 2020 WL 8678009, at *2 (6th Cir. Sept. 3, 2020); *Bowden Bldg. Corp. v. Tenn. Real Estate Comm'n*, 15 S.W.3d 434, 446 (Tenn. Ct. App. July 20, 1999); *Jackie Ray Cline v. George W. Rogers*, 87 F.3d 176, 179-80 (6th Cir. 1996); *Lee v. Ladd*, 834 S.W.2d 323, 325 (Tenn. Ct. App. Mar. 4, 1992). Accordingly, it is RECOMMENDED that these claims be DISMISSED for failure to state claims upon which relief may be granted.[5]

        *iii.*    **Tennessee Criminal Law Claims**

Third, Plaintiff alleges claims for violations of various criminal provisions. As is the case with Plaintiff's claims under the Tennessee Constitution, none of these statutes provide a basis for a private civil cause of action. *See Slowik v. Lambert*, 529 F. Supp. 3d 756, 766 (E.D. Tenn. 2021) (citing cases) (concluding that Tennessee Code Annotated Section 39-16-402 does not contain a private right of action); *Victoria L. Aldridge v. Tenn. Dep't of Child Srv.*, No. 2:20-cv-021122, 2020 WL 4742982, *7 (W.D. Tenn. July 30, 2020) (Report and Recommendation adopted at 2020 WL 4735349 (W.D. Tenn. Aug. 14, 2020)) (same); *State v. Todd Alan Schmeling*, No. M2019-00474-CCA-R3-CD, 2020 WL 1900437, at *4 (Tenn. Crim. App. Apr. 17, 2020) (Nov. 14, 2019) (citation omitted) (concluding that Tennessee Code Annotated Sections 39-16-402 and 39-14-403 do not contain a private right of action); *Nedra Hastings v. Shelby Cty.*, No. 17-2687-SHL-cgc, 2018 WL 7348026, at 6 (W.D. Tenn. Oct. 23, 2018) (Report and Recommendation adopted, as modified, by 2019 WL 313203 (W.D. Tenn. Jan. 24, 2019) (citing cases) (concluding that Tennessee Code Annotated Sections 39-17-308 and 39-17-309 do

---

[5] Plaintiff's Proposed Second Amended Complaint additionally seeks to add claims for violations of Article I, Sections 3 and 8 of the Tennessee Constitution; however, for the same reasons discussed as to Sections 7 and 19, these proposed claims are futile because there is no private right of action to sue an officer for a violation of the Tennessee Constitution.

not contain private rights of action); *Jason Steven Molthan v. Vanderbilt Univ.*, No. 3:17-cv-00706, 2017 WL 1489099, at *3 (M.D. Tenn. Apr. 26, 2017) (concluding that Tennessee Code Annotated Sections 39-13-101, 39-13-102, 39-16-403, 39-17-308 do not contain private rights of action); *Caroline Thomas v. Fayette County*, No. 16-2801-JTF-dkv, 2016 WL 11249102, at * 12 (W.D. Tenn. Dec. 19, 2016) (Report and Recommendation adopted at 2017 WL 544600 (W.D. Tenn. Feb. 10, 2017)) (concluding that Tennessee Code Annotated Sections 39-13-101 and 39-16-302 do not contain private rights of action); *Author Ray Turner v. Dan Welkal*, No. 3:12-cv-0915, 2014 WL 347815 at *11 (M.D. Tenn. Jan. 31, 2014 (concluding that there is no private right of action under Tennessee Code Annotated Section 39-17-309); *Kristine Dirks v. Clinton Tudors*, No. E2008-01384-COA-R3-CV, 2009 WL 1372180 at *2 (Tenn. Ct. App. May 18, 2009) (concluding that Tennessee Code Annotated Section 39-16-403 does not contain a private right of action); *Steve Davis v. Tenn. Wildlife Resources Agency*, No. W2005-00406-COA-R3-CV, 2006 WL 861352, at *7 (concluding that Tennessee Code Annotated Section 39-17-309 does not contain a private right of action); *Richard Madkins v. State*, No. W2001-03002-COA-R3-CV, 2002 WL 1162338, at *2 (Tenn. Ct. App. May 29, 2002) (concluding that Tennessee Code Annotated Section 39-13-302 does not contain a private right of action); *Buckner v. Carlton*, 623 S.W.2d 102, 105-06 (Tenn. Ct. App. 1981) (concluding that the criminal statute prohibiting official oppression does not contain a private right of action). Accordingly, it is RECOMMENDED that these claims be DISMISSED for failure to state claims upon which relief may be granted.

### III. Conclusion

For the reasons set forth herein, it is RECOMMENDED that Plaintiff's Motion to Amend Complaint (D.E. #15) be DENIED and that Defendant's Motion to Dismiss (D.E. #9) Plaintiff's malicious harassment claim pursuant to the THRA and Plaintiff's claims pursuant to the Tennessee constitution and Tennessee criminal law be GRANTED.

**SIGNED** this 20th day of May, 2022.

                                              s/ Charmiane G. Claxton
                                              CHARMIANE G. CLAXTON
                                              UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**