**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| ROBIN W. TONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-02784-JPM-cgc |
| | ) | |
| GEOFFREY A. DALY, | ) | |
| *In his personal capacity*, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
DENYING IN PART PLAINTIFF PRO SE'S MOTION FOR LEAVE TO AMEND AND
GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court is the Report and Recommendation of United States Magistrate Judge Charmiane G. Claxton filed on May 20, 2022 (ECF No. 17) with respect to *pro se* Plaintiff Robin W. Tong's ("Tong") Motion for Leave to Amend, filed on February 22, 2022 (ECF No. 15) and Defendant Geoffrey A. Daly's ("Daly") Motion to Dismiss, filed on January 7, 2022 (ECF No. 9.) The Magistrate Judge recommends that the Court grant Defendant's Motion to Dismiss and deny Plaintiff's Motion for Leave to Amend.  (ECF No. 17 at PageID 236.)  Plaintiff filed timely Objections to the Magistrate Judge's Report on June 21, 2022.[1]  (ECF No. 22.)  Defendant filed a Response to Plaintiff's Objections on July 5, 2022.  (ECF No. 23.)

Upon de novo review, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge, **DENIES IN PART** Plaintiff's Motion for Leave to Amend and **GRANTS** Defendant's Motion to Dismiss.

---

[1] Plaintiff moved for and was granted two extensions of time in which to file his objections.  (See ECF Nos. 18–21.)

## I.    BACKGROUND

Plaintiff alleges that he was pulled over by Defendant Geoffrey Daly, a "Munford municipal police officer."  (ECF No. 2-1 ¶ 13.)  Plaintiff "flipped [Sergeant] Daly the bird as [Plaintiff] passed him in traffic."  (Id. at ¶ 16.)  Plaintiff characterizes this gesture as a "symbolic representation of [his] political beliefs," "[p]eacefully…advocating for political change."  (Id. at ¶¶ 18–19.)  Plaintiff alleges that Sergeant Daly then began "following" him.  (Id. at ¶ 30.) Plaintiff's response was to "continuously flip[] [Defendant] the bird."  (Id.)  Plaintiff alleges that Defendant eventually "activated his blue emergency lights" and "subject[ed]" Plaintiff to the traffic stop from which the case arises.  (Id. at ¶ 34.)

Plaintiff filed a *pro se* Complaint Seeking Injunctive and Declaratory Relief for Vindication of Civil Rights in the Chancery Court for Tipton County, Tennessee at Covington on November 12, 2021. (ECF No. 1-1.)  Plaintiff filed a *pro se* First Amended Complaint Seeking Injunctive Relief and Declaratory Relief for the Vindication of Civil Rights in the Chancery Court for Tipton County, Tennessee at Covington on November 29, 2021.  (ECF No. 2-1.)

Plaintiff's First Amended Complaint designates eleven claims with each numbered claim enumerating multiple alleged violations of a range of federal and state laws.  (Id. at ¶¶ 138–206.) Reviewing the First Amended Complaint as a whole, the Magistrate Judge summarized Plaintiff's allegation as encompassing the following causes of action: "(1) violations of the First, Fourth, and Fourteenth Amendments to the United States Constitution, which are brought pursuant to 42 U.S.C. § 1983 . . . ; (2) a civil claim of malicious harassment in violation of the Tennessee Human Rights Act [("THRA")], Tennessee Code Annotated § 4-21-701 . . . ; (3) violations of Article I, Sections 7 and 19 of the Tennessee Constitution; and, (4) violations of Tennessee criminal law." (ECF No. 17 at PageID 237.)

2

On December 16, 2021, Defendant filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446. (ECF No. 1). Defendant stated that this action is one in which Plaintiff alleges, inter alia, a cause of action pursuant to 42 U.S.C. § 1983 ("Section 1983"), which affords this Court original jurisdiction pursuant to 28 U.S.C. § 1331.  (Id. at ¶ 2.)

On January 7, 2022, Defendant filed his Motion to Dismiss.  (ECF No. 9.)  Defendant argues that state law claims included in Plaintiff's First Amended Complaint should be dismissed for the following reasons, as summarized by the Magistrate Judge: "(1) Plaintiff fails to state a claim for violations of the THRA because he does not allege that Defendant intentionally intimidated him from freely exercising a constitutional right or that Defendant's actions were motivated by Plaintiff's race, color, religion, ancestry, or national origin; (2) Tennessee law does not recognize private causes of action arising from violations of the Tennessee Constitution; and, (3) Tennessee criminal law does not provide a basis for any private civil actions."  (ECF No. 17 at PageID 238) (citing ECF No. 9.)  Defendant alternatively argues that, to the extent that Plaintiff's First Amended Complaint attempts to pursue violations of Tennessee statutes and the Tennessee Constitution pursuant to Section 1983, such claims are not cognizable based upon the manner in which he includes these allegations together within the same designated claims.  (ECF No. 9.)

On February 2, 2022, Plaintiff filed his Response to Defendant's Motion to Dismiss.  (ECF No. 14.)  Plaintiff asserts that his First Amended Complaint properly sets forth a civil claim for malicious harassment under the THRA because it alleges that Defendant's actions were motivated by Defendant's religion.  (Id. at ¶¶ 8–9.)  The Magistrate Judge summarized Plaintiff's response as follows:

> Plaintiff's Response alludes to Defendant's arguments that he may not maintain a private cause of action pursuant to the Tennessee Constitution or Tennessee criminal law and that he may not pursue any such claims pursuant to Section 1983; however, in essence, his arguments continue to assert that he may pursue a claim pursuant to Tennessee Code

3

> Annotated § 4-21-701 for the reasons already set forth above . . . [as well as] request[ing] two alternatives rather than dismissal. First, he requests that the Court decline to exercise supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367. Second, he requests that he be afforded leave to amend his First Amended Complaint to correct the errors commingling federal and state law claims that were raised by Defendant in his Motion to Dismiss.

(ECF No. 17 at PageID 238-9) (citations omitted.)

On February 22, 2022, Plaintiff filed his Motion for Leave to Amend his First Amended Complaint. (ECF No. 15). While his Proposed Second Amended Complaint is more factually detailed than his First Amended Complaint, Plaintiff mostly attempts to reorganize his pleading to more clearly differentiate between his federal and state law claims. (See generally Id.). Plaintiff's motion included as an exhibit his Proposed Second Amended Complaint (ECF No. 15-1.) The Proposed Second Amended Complaint continues to assert violations of the Tennessee Constitution and Tennessee criminal statutes within Plaintiff's THRA claim. (Id. at ¶¶ 205–239.) Defendant does not oppose Plaintiff's Motion for Leave to Amend. (ECF No. 16.)

The Magistrate Judge's Report and Recommendation was filed on May 20, 2022. (ECF No. 17.) Plaintiff *Pro Se*'s Objections and Memorandum of Law was filed on June 21, 2022. (ECF No. 22.) Defendant's Response to Plaintiff's Objections to Magistrate Judge Claxton's Report and Recommendation on Plaintiff's Motion to Amend Complaint and Defendant's Motion to Dismiss First Amended Complaint was filed on July 5, 2022. (ECF No. 23.)

## II.    STANDARD OF REVIEW

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

When a timely objection has been filed, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  The portions of a magistrate judge's recommendation as to which no specific objections were filed are reviewed for clear error.  See Fed. R. Civ. P. 72(b) advisory committee notes; Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) (noting that when a party makes a general objection, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless").  "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object."  Id. at 509.  Moreover, the "failure to properly file objections constitutes a waiver of appeal."  See id. at 508 (citing United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

## III.   PLAINTIFF'S MOTION FOR LEAVE TO AMEND

Plaintiff asserts in his Objection that the Magistrate Judge erred in her "threshold determination [] that the First Amended Complaint was the operative pleading—without providing any dispositive examination whatsoever of the Proposed Second Amended Complaint's four (4) federal 42 U.S.C. § 1983 claims or . . . one (1) THRA § 4-21-701 state-law claim."  (ECF No. 22 ¶ 60.)

Defendant responds that the Magistrate Judge "did analyze the allegations of the Proposed Second Amended Complaint in light of the Defendant's Motion to Dismiss and found that the proposed allegations would not survive the already-filed Motion to Dismiss."  (ECF No. 23 at PageID 289) (citing ECF No. 17 at PageID 243 n.4, 244 n.5.)  Defendant also contends that "Plaintiff's focus on the § 1983 claims based on alleged violations of his federal constitutional rights is misplaced[,] as those claims were not the subject of Defendant's Motion to Dismiss."  (Id. at PageID 289.)

5

A. *Legal Standard – Amended Complaint*

The Federal Rules of Civil Procedure provide that a party "may amend its pleading only with the opposing party's written consent or the court's leave," which should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment," or other unjust reason, leave of court should be granted. Foman v. Davis, 371 U.S. 178, 182 (1962).

B. *Analysis*

a. *With Respect to All State Law Claims*

On *de novo* review, this court finds that amendment of Plaintiff's state law claims would be futile at this time, including the THRA claim. Proposed amendments are futile if they would not permit the complaint to survive a motion to dismiss. Miller v. Calhoun County, 408 F.3d.803, 817 (6th Cir. 2005). For the reasons set forth below, this Court concurs with the determination of the Magistrate Judge that Plaintiff's state law claims, even as amended, will not survive the motion to dismiss. This Court therefore adopts the Report and Recommendation as to Plaintiff's Motion for Leave to Amend his First Amended Complaint, and Plaintiff is **DENIED** leave to amend his First Amended Complaint with respect to any state law claims.

b. *With Respect to § 1983 Federal Claims*

Defendant's Motion to Dismiss does not address Plaintiff's claims under Section 1983. (See generally ECF No. 9.) Defendant has not objected to Plaintiff's amendment of the Complaint's Section 1983 claims. (ECF No. 16.) The Magistrate Judge's Report and Recommendation make it clear that she believes Plaintiff's amendment is only futile as to

Plaintiff's "state-law claims." (ECF No. 17, at PageID 240.) There is no "apparent reason" that Plaintiff should not be allowed to amend the Complaint as to these claims. Foman, 371 U.S. at 182 (1962). Leave is therefore **GRANTED** to Plaintiff to amend his complaint only as to asserted Section 1983 claims.

## IV.     DEFENDANT'S MOTION TO DISMISS

Plaintiff asserts that the Magistrate Judge "failed to dispositively examine" the Amended Complaint's "one (1) [Tennessee Human Rights Act] § 4-21-701 state-law claim." (ECF No. 22 ¶ 33.) Tennessee Code Annotated ("T.C.A.") § 4-21-701 is a civil action for malicious harassment under the THRA. See T.C.A. § 4-21-701. Plaintiff further asserts that the Magistrate Judge did not examine whether this claim stated allegations sufficient for "recovery under a viable legal theory." (ECF No. 22 ¶ 35.) Plaintiff also attempts to clarify that he has "consolidat[ed]" all previous state law claims into this single claim. (Id. ¶ 41.) This Court, for the sake of clarity, will nonetheless address the additional Tennessee Constitutional and Criminal claims put forward by Plaintiff in his complaint and addressed by both the Magistrate Judge and Defendant, in addition to the malicious harassment claim.

Defendant argues that Tennessee Law provides for no private right of action for violations of the Tennessee Constitution. (ECF No. 23 at PageID 290.) Defendant argues further that Tennessee law offers no private right of action for violations of "any of the criminal statutes on which Plaintiff relies." (Id. at PageID 290.) Finally, Defendant asserts that Plaintiff has failed to state a claim under T.C.A. § 4-21-701 because that statute "requires proof" that Plaintiff was harassed on the basis of their "race, color, religion, ancestry or national origin." (Id. at PageID 291.)

A. *Legal Standard – 12(b)(6) Motion to Dismiss*

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted."  A Rule 12(b)(6) motion permits the "defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."  Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993) (citing Nishiyama v. Dickson Cnty., 814 F.2d 277, 279 (6th Cir. 1987)).  A motion to dismiss only tests whether the plaintiff has pled a cognizable claim and allows the court to dismiss meritless cases which would waste judicial resources and result in unnecessary discovery.  Brown v. City of Memphis, 440 F. Supp. 2d 868, 872 (W.D. Tenn. 2006).

When evaluating a motion to dismiss for failure to state a claim, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  If a court decides that the claim is not plausible, the case may be dismissed at the pleading stage.  Iqbal, 556 U.S. at 679.  "[A] formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.  The "[f]actual allegations must be enough to raise a right to relief above [a] speculative level."  Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Twombly, 550 U.S. at 555).  A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A complaint need not contain detailed factual allegations.  Twombly, 550 U.S. at 570.  A plaintiff without facts who is "armed with nothing more than conclusions," however, cannot "unlock the doors of discovery."  Iqbal, 556 U.S. at 678–79; Green v. Mut. of Omaha Ins. Co., No.

10-2487, 2011 WL 112735, at *3 (W.D. Tenn. Jan. 13, 2011), aff'd, 481 F. App'x 252 (6th Cir. 2012).  A court "need not accept as true legal conclusions or unwarranted factual inferences." Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Iqbal, 556 U.S. at 679.  A court is "not bound to accept as true a legal conclusion couched as a factual allegation."  Twombly, 550 U.S. at 555.

Pleadings and documents filed by *pro se* litigants are to be "liberally construed," and a "*pro se* complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  However, "the lenient treatment generally accorded to *pro se* litigants has limits."  Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996) (citing Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991)).  The pleading essentials are not abrogated in *pro se* cases. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).  A *pro se* complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Barnett v. Luttrell, 414 F. App'x 784, 786 (6th Cir. 2011) (quoting Ashcroft, 556 U.S. at 678) (internal quotations and emphasis omitted).  District courts "have no obligation to act as counsel or paralegal" to *pro se* litigants.  Pliler v. Ford, 542 U.S. 225, 231 (2004).  District courts are not "required to create" a *pro se* litigant's claim for him.  Payne v. Secretary of Treasury, 73 F. App'x 836, 837 (6th Cir. 2003).

B. *Analysis*

a. *THRA*

Plaintiff brings one claim of malicious harassment, T.C.A. § 4-21-701, against Defendant. (ECF No. 15-1 ¶¶ 205–9.)  This cause of action has been "outlined by the Tennessee Supreme

Court." Davidson v. Bredesen, 330 S.W.3d 876, 889 (Tenn. Ct. App. 2009). There are two elements to a malicious harassment claim. First, a plaintiff must "demonstrate that the perpetrator intentionally intimidated the plaintiff from freely exercising a constitutional right." Washington v. Robertson County, 29 S.W.3d 466 (Tenn. 2000). Second, a plaintiff must also demonstrate that the *perpetrator* was motivated by the *victim's* race, color, religion, ancestry or national origin. Levy v. Franks, 159 S.W.3d 66, 81 (Tenn. Ct. App. 2004) ("[T.C.A. §] 4–21–701 has consistently been interpreted as requiring [the plaintiff to be a member of] a protected class"). In the case at hand, Plaintiff makes no allegation that Defendant pulled Plaintiff's car over because of Plaintiff's religion. Plaintiff only alleges Defendant pulled him over on the basis of Defendant's own religious beliefs. (ECF No. 15-1 ¶¶ 40–41.) T.C.A. § 4-21-701 may protect a victim's exercise of their own religious beliefs, but does not create a cause of action against another individual for exercising *their* religious beliefs.

Plaintiff urges the Court to note that the Tennessee Supreme Court "require[s] a claimant to explain how a person unlawfully intimidated them" to prevent them from exercising their rights. (ECF No. 22 at PageID 276.) Malicious harassment does require a showing that "a person unlawfully intimidated another from the free exercise or enjoyment of a constitutional right" through violence or threat. Washington v. Robertson County, 29 S.W.3d 466 (Tenn.2000). However, this does not change the fact that Plaintiff has not demonstrated that Defendant was motivated by Plaintiff's "race, color, religion, ancestry or national origin." Bowman v. City of Memphis, 329 S.W.3d 766, 768 (Tenn. Ct. App. 2010).

Reviewed de novo, this Court finds that Plaintiff has failed to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. This Court therefore adopts the Report and Recommendation as to the Defendant's Motion to Dismiss Plaintiff's THRA claims.

*b. Tennessee Constitutional and Criminal Law Claims*

The Magistrate Judge found that Tennessee law "does not recognize a private right of action" to enforce violations of the Tennessee constitution.  (ECF No. 17 at PageID 244.)  No objection has been made to this finding, and the Court finds no clear error upon review.  This Court therefore adopts the Report and Recommendation with respect to Defendant's Motion to Dismiss Plaintiff's claims under the Tennessee Constitution.

The Magistrate Judge found that Tennessee law "does not provide a basis for a private civil cause of action" in any of the violations of Tennessee criminal statutes alleged by Plaintiff. (ECF No. 17 at PageID 244.)  No objection has been made to this finding, and the Court finds no clear error upon review.  This court therefore adopts the Report and Recommendation with respect to Defendant's Motion to Dismiss Plaintiff's claims under Tennessee criminal law.

## V.    CONCLUSION

The Court **ADOPTS** the Report and Recommendation of the Magistrate Judge in full.  Accordingly, Plaintiff's Motion for Leave to Amend is **DENIED IN PART**, and Defendant's Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED**, this 14th day of September, 2022.

 /s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE